UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT GOGUEN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00048-JAW |
| | ) |
| JENNIFER GILBLAIR, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER RE: DISCOVERY DISPUTES**

    Robert Goguen filed a complaint in state court on August 30, 2011, alleging that five officers from the Somerset County Jail violated his constitutional rights by the manner in which the officers enforced jail regulations regarding Goguen's legal materials and their retaliatory actions aimed at Goguen. The complaint was 10 pages long. The defendants removed the action to this Court. (Notice of Removal, ECF No. 1.) Without objection by the defendants (See ECF No. 20), Goguen filed his second amended complaint which is fifty-eight pages long and names sixteen defendants. The sufficiency of the pleadings has never been tested because none of the defendants have filed motions to dismiss and this matter was not subject to mandatory screening as would be a complaint that was filed in this Court accompanied by an in forma pauperis application under 28 U.S.C. § 1915A. Instead, discovery commenced and has proceeded in a very haphazard fashion up until now, judging from the various pleadings that have been filed by both sides. At this point there is a discovery deadline of October 1, 2012, following an extension granted at the defendants' request; I granted their request in part to address the discovery issues raised by plaintiff in two pleadings filed with this Court. (Motion to Amend Scheduling Order re: Number of Interrogatories (ECF No. 28) and Motion for Reconsideration on Motion to Compel (ECF No. 30).

### *Who Is Suing Whom and For What ?*

The first order of business in my attempt to iron out this discovery dispute necessarily involves an attempt to ascertain what Goguen is claiming in his fifty-eight page second amended claim and who the defendants actually are. Some background information is necessary. Goguen is a pretrial detainee awaiting the resolution of federal charges. United States v. Goguen, 1:11-cr-00003-JAW. He has been housed at the Penobscot County Jail, the Aroostook County Jail, and the Somerset County Jail, based upon the court filings. He may have been housed in other facilities as well, but his current address suggests that he has been returned to the Penobscot County Jail. During the pendency of his criminal charges he has managed to file three civil cases in this court, including the present action, Goguen v. Ross, 1:11-cv-00027-DBH (closed, case settled, implicating Penobscot County facility), and Goguen v. Foss, 1:12-cv-00070-GZS (still pending, implicating an officer at Aroostook County Jail). Of all his pending and completed litigation, this case is clearly the most dense and difficult to analyze.

As I read the Second Amended Complaint it concerns events stretching from May 2011 through and including December 10, 2011, at the Somerset County Jail. Goguen alleges that following receipt of a response to his complaints from the Maine Department of Corrections Compliance Manager he was immediately transferred out of the facility. (Second Amended Complaint, ¶¶ 295-296.) His claims for relief include a claim that certain defendants used administrative segregation based on fabricated reports in violation of his due process rights, (id., ¶ 321) a claim that his legal materials were confiscated in violation of his First and Sixth Amendment rights, (id., ¶ 322) a claim that he was denied administrative segregation reviews for retaliatory reasons, (id., ¶ 323), a claim that he was deliberately prosecuted by prison officials in retaliation for filing grievances (id., ¶ 324), a claim that the jail developed a policy and officers

did other things to him with the purpose of violating his due process rights (id., ¶ 325-326), a claim that he received inadequate notice of rule violations violated his due process rights (id., ¶ 327), a claim regarding exculpatory evidence being denied (id., ¶ 328), a claim that other defendants fabricated evidence in violation of his due process rights (id., ¶ 329), a claim that the visual body cavity searches were unconstitutional (id., ¶ 330-331), a claim regarding the unauthorized seizure of unique property (drawings made by Goguen as gifts for his family) from his cell (id., ¶ 332), a claim regarding unsanitary food service (id., ¶ 333), a claim regarding out of recreation deprivation (id., ¶ 334), a claim regarding failing to provide a clean and sanitary cell (id., ¶ 335), and a general claim that all of the defendants engaged in some sort of conspiracy to deprive Goguen of his constitutional rights, (id., ¶ 336). Goguen seeks injunctive relief, punitive damages, and compensatory damages. The injunctive relief component is essentially moot because Goguen is no longer at the Somerset County Jail. (ECF No. 18.) Goguen's complaint alleges as to each defendant which of the claims are applicable, so for instance, only defendant David Allen is implicated in the unauthorized seizure of the "irreplaceable unique property" from plaintiff. (Second Amended Compl., ¶¶ 261-264, 332.) I provide this background in order to enable the parties and the Court to better understand the discovery rulings discussed below.

*The Pending Discovery Disputes*

Goguen is a pro se prisoner litigant. As such it is necessary that he be given leeway under Dist. Of Me. Local Rule 26(b) and be allowed, when appropriate, to file written discovery motions without the prior approval of a judicial officer. As his complaint makes clear, conducting telephonic discovery conferences with a prisoner litigant can be frustrating for the litigants and the Court. (See id., ¶¶ 130-136)(describing a telephone conference scheduled

before me and reflected in the Report of Telephone Conference and Order, Goguen v. Ross, 1:11-cv-00027-DBH, ECF No. 61, entered August 31, 2011.)

On June 21, 2012, Goguen filed a motion to amend the existing scheduling order (ECF No. 28) in order to relieve him from the thirty interrogatory limit set by that order. Goguen makes the persuasive argument that as a pro se prisoner litigant he is effectively unable to conduct any depositions and thus is in need of additional written discovery. I do not disagree with that contention, but the issue before me is what reasonable discovery should be allowed in these circumstances, considering the allegations in the second amended complaint and the nature of the present interrogatories. I will first outline the scope of the dispute and the nature of defendants' objection.

The interrogatories in dispute are those numbered 6, 8, 9, and 10 and they are set forth below, along with defendant Sean P. Maguire's response :

> 6. State and describe the nature of any lawsuits the defendants have been named in over the last 10 years, to include case names, docket numbers, dispositions and settlement information.
>
> ANSWER: Please see objection previously made. Without waiving this objection:
>
> • Martin v. Somerset County, U.S. District Court CIVIL NO. 04-124-B-W, settled
>
> 8. Please describe your version of the events as they pertain to you as set on specific dates in the Complaint.
>
> ANSWER: It is impossible to set forth a description of the events as the Complaint concerns numerous events that happened over several months. Please see documents that have been attached to the Plaintiff's Request for Production of Documents and Plaintiff's Second Request for Production of Documents for a description of some of the events discussed in the Complaint.
>
> 9. State your employment for the last 10 years, any education needed to qualify for such employment, position held, any reasons for leaving, losing rank or being fired.
>
> ANSWER: Please see objection previously made. Without waiving this objection: Please see job descriptions attached as Exhibit S to these answers.

4

10. State any mental health issues, medications or evaluations for the last ten years to include any institutionalization into any psychiatric facility and the duration.

ANSWER: Please see objection previously made.

Based upon the objections and correspondence filed with the Court it appears that Goguen has requested each of the sixteen individual defendants personally answer these four interrogatories and the answers provided have only been those of Sean/Shawn P. Maguire[1]. Defendants' objection is summarized as follows:

> On June 2, 2012, the Plaintiff sent a letter requesting that each defendant individually answer Interrogatories 6, 8, 9 and 10 from the previous set of interrogatories. Plaintiff's Exhibit 1. There are currently sixteen defendants. If each individual defendant answered these four interrogatories, this would equate to a total of sixty-four interrogatories.
>
> Plaintiff's letter also requests that each defendant answer Interrogatory No. 8, which asked the individual defendant to describe the events concerning the Plaintiff, for numerous dates. Plaintiff's Exhibit 1, pp. 3-4. For example, the Plaintiff asked that Keith Plourd answer this question with regard to eleven specific dates and asked that James French answer this question for whenever Plaintiff was in A-pod and November 6, 2011. Each date for which the Plaintiff requests information should be considered a separate subpart, which is considered an additional interrogatory under the Scheduling Order. This means that the number of additional interrogatories that the Plaintiff has propounded is greater than sixty-four. This is well above the thirty interrogatories that are allowed per opposing party as set forth in the Scheduling Order.
>
> In addition, these interrogatories are overly broad and unduly burdensome and, at least in part, not relevant to any claim or defense. Furthermore, Interrogatory No. 10, asks the individual defendants to disclose confidential health or medical information.

<u>Defendants' Objection to Motion to Amend Scheduling Order, ECF No. 29, pp. 1-2</u>

After careful review of the underlying Second Amended Complaint, the current interrogatories and responses, and the written arguments of both sides, I now grant in part the

---

[1] The record is unclear regarding defendant's name. Sean Maguire has been terminated as a party and Shawn Maguire added, but the interrogatory answers bear the typed named Sean P. Maguire (ECF No. 29-2).

5

motion to amend the scheduling order to increase the number of interrogatories by requiring individual responses, subject to the following limitations:

**Interrogatory No. 6**: Each named defendants shall provide a complete answer to this interrogatory containing the information requested. This request could lead to relevant information and is not unduly burdensome to any individually named defendant.

**Interrogatory No. 8**: The objection is sustained. Goguen has chosen to plead numerous specific incidents on various dates with an extremely large number of defendants, many of which have little or nothing to do with any cognizable claim for infringement of constitutional rights. If Goguen had prioritized his claims and defendants, I might have entertained a reasonable request for further elaboration by some defendants as to some specific dates. The interrogatory as currently drafted is unduly burdensome and impossible to answer and the defendants' objection is sustained. I have no viable means of reformatting this interrogatory in order to render the request reasonable or capable of individual answers from some defendants.

**Interrogatory No. 9:** This request is granted in part. Each individual defendant must answer the interrogatory, but he or she need do no more than provide the length of time employed at the Somerset County Jail, any education or training received that is directly related to job duties at the jail, a description of his or her position at the jail (which might be done by referencing previously provided documents), and whether he or she remains employed at the jail. If a defendant ever suffered employment disciplinary proceedings at the Somerset County jail that resulted in termination or demotion, they should so indicate. If a defendant believes that such an event, if it exists, is not relevant to these allegations, he or she may move for in camera review of the specific documents involved and may also move to have any such documents ultimately ordered produced made subject to a confidentiality order.

**Interrogatory No. 10:** This objection is sustained. There is no showing of relevance regarding this information. The complaint alleges violations of constitutional rights. If any defendant believes he or she has some sort of mental health defense to those allegations, he or she would be required to produce that information as part of initial disclosures as material he or she intends to offer in support of the defense. I doubt such a defense would be contemplated even if there was a history of mental illness. As the pleadings now stand there is no relevance to this request as to any defendant.

To the extent this discovery order results in the defendants providing more than 30 interrogatory answers, the motion to amend scheduling order is granted in part. Complete answers shall be provided by August 27, 2012.

Goguen has also filed a Motion for Reconsideration of my previous order to deny his motion to compel discovery. (See ECF No. 30, 31, and ECF No. 22.) I denied the motion to compel because I was satisfied that given the procedural posture of the case the defendants' response to the motion to compel reciting that significant responsive materials and answers had indeed been provided, an order compelling them to answer every interrogatory and request for production was not warranted. Goguen's motion to compel was based on procedural arguments that were, in my view, meritless. I have no reason to reconsider that order beyond my specific orders on the motion to amend scheduling order and therefore the motion for reconsideration is denied as untimely because the order on the motion to compel was entered well over a month prior to the motion for reconsideration.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
August 6, 2012                    /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge