UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT GOGUEN, )<br>            )<br>    Plaintiff, )<br>            )<br>    v.      )<br>            )<br>JENNIFER GILBLAIR, et al., )<br>            )<br>    Defendants. ) | 1:12-cv-00048-JAW |

**ORDER ON OBJECTION TO ORDER RE: DISCOVERY DISPUTES**

Robert Goguen, a prisoner at the Somerset County Jail, objects to the Magistrate Judge's discovery Orders. The Court concludes that the Orders are neither clearly erroneous nor contrary to law and overrules his objections.

**I.    BACKGROUND**

On August 30, 2011, Robert Goguen, a detainee at the Somerset County Jail, filed a complaint in Somerset County Superior Court for the state of Maine against five Defendants, each affiliated with the Jail as a corrections officer or jail administrator. *Notice of Removal* Attach. 1 *Compl.* (ECF No. 1). On February 6, 2012, the Defendants removed the case to this Court. *Notice of Removal* (ECF No. 1). On May 17, 2012, after obtaining leave of Court, Mr. Goguen filed what he called a second amended complaint. *Second Am. Compl.* (ECF No. 24).

On February 23, 2012, the Court issued a standard scheduling order that among other things set the maximum number of interrogatories at thirty per opposing party. *Scheduling Order* at 1 (ECF No. 9). On June 21, 2012, Mr. Goguen

moved to amend the Scheduling Order to be exempted from the thirty interrogatory limit on the ground that as a prisoner he will not be able to take depositions and therefore is limited in the means to obtain information. *Mot. to Am. Scheduling Order* at 1 (ECF No. 28). More specifically, he asked the Court to require the Defendants to more completely answer interrogatories 6, 8, 9 and 10. *Id.* at 1-2. Mr. Goguen explained that the Defendants had objected to responding to these interrogatories for each of the Defendants because to do so would exceed the thirty interrogatory limit in the Scheduling Order. *Id.* at 2-3. Hence, his request to increase the Scheduling Order's interrogatory limit.

In a thoughtful Order, the Magistrate Judge granted his motion in part and required individual responses (with some limitations) to two of the interrogatories, but she denied his motion as regards the two remaining interrogatories. *Order Re: Disc. Disputes* (ECF No. 35) (*Disc. Order*). Specifically, as regards interrogatory 9, which asked for information about the individual Defendants' employment over the last ten years, the Magistrate Judge required the Defendants to respond but only for the period of their employment at the Somerset County Jail. *Id.* at 6.

The Magistrate Judge also addressed Mr. Goguen's Motion for Reconsideration of her previous order, denying his motion to compel discovery. *Id.* at 7. This bears a word of explanation. On April 30, 2012, Mr. Goguen filed a motion to compel discovery. *Pl.'s Mot. to Compel Disc.* (ECF No. 22). On May 11, 2012, the Defendants responded, contending that they had already responded to his discovery requests and that some of the demanded information (particularly

2

information relating to other inmates) was not discoverable. *Defs.' Opp'n to Pl.'s Mot. to Compel Disc.* (ECF No. 23). On May 21, 2012, Mr. Goguen replied. *Pl.'s Counter to Defs.' Opp'n to Compel Disc.* (ECF No. 25). On May 22, 2012, the Magistrate Judge denied the motion to compel, stating that "there is no basis for this motion to compel; the defendants have provided relevant discovery and plaintiff's remaining demands do not request court intervention at this time." *Order* (ECF No. 26). On July 13, 2012, Mr. Goguen filed a motion for reconsideration of the May 22, 2012 Order, declining to compel discovery. *Pl.'s Mot. for Recons. to Compel Disc.* (ECF No. 30). In her August 6, 2012 Order, the Magistrate Judge rejected the motion for reconsideration, noting that she has "no reason to reconsider that order beyond [her] specific orders on the motion to amend scheduling order and therefore the motion for reconsideration is denied as untimely because the order on the motion to compel was entered well over a month prior to the motion for reconsideration." *Disc. Order* at 7.

Not satisfied, Mr. Goguen objected to parts of the Magistrate Judge's Order. *Objections to Order Re: Disc. Disputes* (ECF No. 36). First, he objects because he contends the Defendants' objections to his First Request for Production of Documents and Interrogatories were untimely. *Id.* at 1. Next, he objects to the ruling on Interrogatory 9, stating that since the Somerset County Jail has been open only since around October, 2008, it is too restrictive to limit the interval included in the Defendants' responses to the period the Somerset County Jail has been open. *Id.* Third, he objects to the Magistrate Judge's denial of his motion to

3

reconsider her earlier decision denying his motion to compel discovery. *Id.* at 2. He claims that contrary to the Defendants' earlier representations, they have failed to respond to some of the requests. *Id.* at 3. Finally, he urges the Court to compel the production of videotapes or audio surveillance, which he contends will corroborate his version of events. *Id.* at 4.

The Defendants responded. *Defs.' Resp. to Pl.'s Objections to Order: Re: Disc. Disputes* (ECF No. 37) (*Defs.' Opp'n*). First, they point out that the only objection Mr. Goguen has made to the Magistrate Judge's Order is to her interrogatory nine time restriction. *Id.* at 1-2. Regarding the motion for reconsideration, the Defendants say it is untimely, the requests are extremely broad, and although the Defendants have supplied some information, they have objected to other disclosures on the grounds that "this information is overly broad, unduly burdensome, not subject to public disclosure, and not relevant to claims or defenses at issue in this lawsuit." *Id.* at 3. Also, they assert that some of the information may be protected by 30-A M.R.S. § 503. *Id.* Finally, as regards the videos and audio recordings, the Defendants reiterate that they "have already asserted that they do not have materials that are responsive to these requests." *Id.* at 3.

## II.   DISCUSSION

The legal standard for evaluating an objection to a magistrate judge's decision on a non-dispositive matter is whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636; FED. R. CIV. P. 72(a).

Although Mr. Goguen would undoubtedly like to obtain detailed information about the employment histories of the corrections officers he has sued, including their disciplinary records, the civil rules do not require that simply because someone is sued, a defendant relinquishes all privacy rights. Before being required to reveal details about their employment histories, the rules mandate that the requested information must be "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Here, the Magistrate Judge allowed Mr. Goguen to obtain some, but not all the information he has sought, and she provided a means to evaluate whether any disciplinary records are relevant to Mr. Goguen's allegations. *Disc. Order* at 6. The Magistrate Judge's Order is well within her discretion and is neither clearly erroneous nor contrary to law.

As regards Mr. Goguen's Motion for Reconsideration, the Court agrees with the Magistrate Judge that the motion is untimely. The Magistrate Judge issued her Order on Mr. Goguen's Motion for Reconsideration on May 22, 2012. Under Local Rule 7(g), a motion for reconsideration must be filed "within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time." D. ME. LOC. R. 7(g). Mr. Goguen filed this motion for reconsideration on July 13, 2012, approximately seven weeks after the date of the Order and did not provide any cause for the late filing. The failure to comply with the time periods in the Local Rule is justification enough for the denial of the motion for reconsideration. Second, the standard for reconsideration is that the order "was based on a manifest error of fact or law." *Id*. Mr. Goguen has not

5

demonstrated that the Magistrate Judge's May 22, 2012 Order was based on an manifest error of fact or law. Furthermore, the subject of the motion for reconsideration is intertwined to a large extent with the subject of the motion to amend scheduling order and the Magistrate Judge accorded Mr. Goguen some relief in that aspect of his discovery dispute with the Defendants. In short, there is no basis for the Court to conclude that the Magistrate Judge committed legal error in denying his Motion for Reconsideration.

Finally, as regards Mr. Goguen's demand that the Defendants produce any video or audio recordings, the Defendants have represented that they do not have "materials that are responsive to these requests." *Defs.' Opp'n* at 3. The Court cannot require the Defendants to produce something they do not have.

### III.    CONCLUSION

The Court DENIES Robert Goguen's Objections to Order Re: Discovery Disputes (ECF No. 36).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2012