UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT GOGUEN,           )
                         )
    Plaintiff,            )
                         )
    v.                    )      1:12-cv-00048-JCN
                         )
JENNIFER GILBLAIR, et al.,)
                         )
    Defendants            )

**DECISION AND ORDER ON PLAINTIFF'S
MOTIONS FOR RELIEF FROM JUDGMENT**

On October 13, 2015, following a jury verdict, the Court entered judgment in favor of Defendants on Plaintiff's complaint. (ECF No. 133.) Plaintiff subsequently filed a notice of appeal to the Court of Appeals for the First Circuit. (ECF No. 134.) On March 7, 2016, the First Circuit, in affirming the judgment, concluded "that the jury's verdict was supported by sufficient evidence" and rejected "[Plaintiff's] claim of perjury, which is based exclusively on unfounded speculation." (ECF No. 155.)

The matter is before the Court on Plaintiff's Supplemental Motion for Relief from Judgment (ECF No. 160), Motion for Relief from Judgment or Order (ECF No. 161), and Supplemental Motion for Relief from Judgment. (ECF No. 162.)[1] The Court denies Plaintiff's motions.

---

[1] The filings at docket numbers 161 and 162 are nearly identical. In docket item 162, Plaintiff included an additional paragraph on page 10.

1

## BACKGROUND

After a three-day trial, the jury returned a verdict in favor of Defendants on Plaintiff's claims asserted pursuant to 42 U.S.C. § 1983. Through his motions, Plaintiff requests relief from judgment under Rule 60(b) and, if successful, a new trial. Plaintiff asserts that Defendants provided perjured testimony at trial, that his counsel failed to conduct an adequate investigation or introduce evidence in support of his claims, and that his counsel improperly abandoned certain claims.

## DISCUSSION

A party may seek relief from judgment pursuant to Federal Rule of Civil Procedure 60.

Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(d) also provides that a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Rule 60(b) affords relief from final judgments only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

**A. Fraud and Misrepresentation**

Through his motions, Plaintiff asserts that Defendants testified falsely at trial and, therefore, the judgment was the product of fraud. Plaintiff's arguments potentially implicate Rule 60(b)(3) and/or Rule 60(d)(3).

The First Circuit has held that "perjury alone … has never been sufficient" to justify relief under the Rule. *Roger Edwards*, *LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 133 (1st Cir. 2005) (quoting *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 48 n.5 (1st Cir. 1995). More recently, the First Circuit has observed that a motion for relief based on fraud or misrepresentation in the form of perjured testimony would require additional evidence that the misconduct substantially interfered with the movant's ability to fully and fairly present his case. *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena*, LLC, 832 F.3d 50, 63 (1st Cir. 2016).

Relief based on "fraud on the court," is even more demanding. To support relief from judgment, the evidence would have to reveal "an unconscionable scheme" or "the most egregious conduct designed to corrupt the judicial process." *Roger Edwards*, *LLC*, 427 F.3d at 133.

To the extent Plaintiff's motions are based on fraud, misrepresentation, or misconduct governed by Rule 60(b)(3), Plaintiff's motions were untimely filed. Plaintiff was required to request relief from judgment within one year following entry of the judgment. *See* Fed. R. Civ. P. 60(c). Plaintiff filed his motions more than two years after the Court entered its judgment.[2] Accordingly, in the event Plaintiff's motions are construed to seek relief based on "some form of misrepresentation or fraud, which is less than 'fraud on the court' and, would therefore fall under Rule 60(b)(3), such an action is clearly time barred." *Greater Omaha Packing Co. Inc. v. Fairbank Reconstruction Corp.*, No. 2:13-cv-00436-GZS, 2014 WL 4723083, at *11 (D. Me. Sept. 23, 2014).

Even if Plaintiff had filed the motions timely, as mentioned above, perjury alone does not warrant relief under Rule 60(b)(3). *Roger Edwards*, *LLC*, 427 F.3d at 133. In addition, Plaintiff has failed to present any credible evidence to support his perjury claim. Similarly, to the extent Plaintiff contends Defendants perpetrated a fraud on the Court, Plaintiff has failed to present any evidence to support the finding of "an unconscionable

---

[2] Because relief from judgment under Rule 60 must be sought in the district court, *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979), Plaintiff's appeal did not toll the one-year period of limitation. *See also King v. First Am. Investigations*, *Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (appeal does not toll the one-year limitations period for filing a Rule 60(b) motion).

scheme or the most egregious conduct designed to corrupt the judicial process." *Id.* Plaintiff, therefore, is not entitled to relief under Rule 60(b)(3) or Rule 60(d)(3).

**B.   Performance of Counsel**

Plaintiff asks the Court to grant relief from judgment based on alleged shortcomings of his counsel's representation. According to Plaintiff, counsel's contact with Plaintiff before trial was minimal, counsel refused to present certain evidence Plaintiff wanted counsel to present, and counsel did not pursue Plaintiff's First Amendment, Due Process, Excessive Force, and state law claims.

To the extent Plaintiff contends counsel's conduct constitutes excusable neglect pursuant to Rule 60(b)(1), Plaintiff did not file the motion within the one-year time limit and the motion is thus barred. To the extent Plaintiff seeks relief under Rule 60(b)(6), Plaintiff's claim also fails. Although relief under Rule 60(b)(6) is potentially available "when an attorney's neglect is gross and inexcusable," *Chang v. Smith*, 778 F.2d 83, 85 (1st Cir. 1995), the record lacks any evidence that would support such a finding.

**C.   Plaintiff's Claims Under Subsections (b)(1) and (b)(2) of Rule 60(b)**

Plaintiff also references subsections (b)(1) and (b)(2) of Rule 60(b) in support of his motion for relief from judgment. A motion based on 60(b)(1) or 60(b)(2) must be filed within one-year of the entry of judgment. Because Plaintiff filed his motion more than a year after the entry of judgment, Plaintiff is precluded from asserting a motion based on the grounds identified in Rule 60(b)(1) and (2).

**D.     Summary**

In support of his motion for relief from judgment, Plaintiff primarily cites Rule 60(b)(1) – (3). Plaintiff filed his motion more than two years after the entry of judgment. Plaintiff, therefore, is precluded from prosecuting a motion based on the grounds identified in Rule 60(b)(1) – (3). Fed. R. Civ. P. 60(c)(1). Even if the Court were to consider the merits of Plaintiff's motion under Rule 60(b)(6), Plaintiff's motion is not persuasive. Plaintiff argued in part that the evidence demonstrated Defendants violated his constitutional rights, that Defendants committed perjury during their trial testimony and otherwise prevented him from presenting his claim, and that his counsel's performance was substandard. The First Circuit determined on Plaintiff's appeal that the verdict is supported by "sufficient evidence," and Plaintiff's perjury allegations are based on "unfounded speculation." (ECF No. 155.) Plaintiff has not presented any evidence that would support a contrary finding. Finally, as explained above, Plaintiff has presented no evidence that would support a finding that his counsel's representation was "gross and inexcusable." *Chang*, 778 F.2d at 85.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Supplemental Motion for Relief from Judgment (ECF No. 160), Motion for Relief from Judgment or Order (ECF No. 161), and Supplemental Motion for Relief from Judgment (ECF No. 162).

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of February, 2018.