UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT GOGUEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-cv-00048-JCN |
| | ) | |
| JENNIFER GILBLAIR, et al., | ) | |
| | ) | |
| Defendants | ) | |

**DECISION AND ORDER ON PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT**

On October 13, 2015, following a jury verdict, the Court entered judgment in favor

of Defendants on Plaintiff's complaint.  (ECF No. 133.)  Plaintiff subsequently filed a

notice of appeal to the Court of Appeals for the First Circuit.  (ECF No. 134.)  On March

7, 2016, the First Circuit, in affirming the judgment, concluded "that the jury's verdict was

supported by sufficient evidence" and rejected "[Plaintiff's] claim of perjury, which is

based exclusively on unfounded speculation."  (ECF No. 155.)

Between December 13 and December 19, 2017, Plaintiff filed several motions for

relief from judgment.  (ECF Nos. 160, 161, 162.)  Plaintiff asserted that Defendants

provided perjured testimony at trial, that his counsel failed to conduct an adequate

investigation and to introduce evidence in support of his claims, and that his counsel

improperly abandoned certain claims.  The Court denied the motions, concluding that the

majority of the issues were time-barred and that on issues that were not time-barred,

Plaintiff had failed to demonstrate "an unconscionable scheme or the most egregious

1

conduct designed to corrupt the judicial process," *Roger Edwards*, *LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 133 (1st Cir. 2005), or "gross and inexcusable" neglect on the part of his counsel, *Chang v. Smith*, 778 F.2d 83, 85 (1st Cir. 1995), as required to obtain the relief he requested. (Decision and Order on Plaintiff's Motions for Relief from Judgment, ECF No. 167.)

The matter is now before the Court on Plaintiff's Motion to Set Aside Judgment or Objection (ECF No. 169), and "Supplement to Support for Relief Determination" (ECF No. 171).[1] Through his motion, Plaintiff asserts that he expected the Court would grant him an evidentiary hearing on his prior motion for relief from judgment, and that if he had known otherwise, he would have submitted the evidence needed to support his request. (ECF No. 169 at 1.) Plaintiff also alleges other shortcomings by his trial counsel and reiterates his claims of perjury in support of his motion. (*Id.* at 1 – 2; Reply at 2 – 3, ECF No. 177.)

## Discussion

To the extent Plaintiff's motion can be construed as a request for reconsideration of the prior denial of Rule 60(b) relief, Plaintiff's motion fails. "Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me.

---

[1] In this Decision and Order, the Court will refer to Plaintiff's filings collectively as Plaintiff's motion.

2009).  Here, Plaintiff has not identified any newly discovered evidence, a change in the

law, a manifest error of law, or that the Decision and Order on Plaintiff's Motions for Relief

from Judgment was clearly unjust.  Furthermore, Plaintiff is not automatically entitled to

an evidentiary hearing on his Rule 60(b) motion.  *Roger Edwards*, 427 F.3d at 133

("[T]here is no requirement under Rule 60(b) that contested allegations automatically get

an evidentiary hearing regardless of plausibility or import.")  Plaintiff presented no

evidence in support of his earlier Rule 60(b) motion, nor has he presented any evidence in

support of the current motion that would warrant an evidentiary hearing.  Rather, Plaintiff

largely seeks to relitigate the credibility sufficiency of evidence issues that were argued at

trial.

      To the extent Plaintiff's motion can be construed to assert a new claim for relief

under Rule 60(b),[2] Plaintiff's arguments are also unavailing.  While Plaintiff in part

---

[2] Rule 60(b) of the Federal Rules of Civil Procedure permits a court to grant relief from a final judgment
for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

attempts to reassert his claim of witness perjury as a basis for relief, as the Court explained when it denied Plaintiff's earlier Rule 60(b) motion, the First Circuit has held that "perjury alone … has never been sufficient" to justify relief under the Rule. *Roger Edwards*, 427 F.3d at 133 (1st Cir. 2005) (quoting *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir. 1995)).

As to Plaintiff's renewed contention that his counsel's performance was substandard, although relief under Rule 60(b)(6) is potentially available "when an attorney's neglect is gross and inexcusable," *Chang*, 778 F.2d at 85, Plaintiff has failed to identify any evidence that would support such a claim. The case presented certain factual disputes that were resolved at trial by the jury. Plaintiff has not presented evidence that would support a finding of gross and inexcusable neglect by counsel.[3]

### CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Set Aside Judgment or Objection (ECF No. 169), and "Supplement to Support for Relief Determination" (ECF No. 171).

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of April, 2018.

---

[3] Regarding Plaintiff's claim that counsel abandoned Plaintiff's state law claims, the state law claims identified in Plaintiff's second amended complaint (ECF No. 24) principally consist of Plaintiff's citation to several criminal statutes. Plaintiff did not have standing to pursue criminal charges against Defendants. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).